# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| BRANDON BLAKE STEWART, | : | |
| Plaintiff, | : | Civil Action No. 3:10-CV-46 |
| v. | : | PROCEEDINGS UNDER |
| | : | 42 U.S.C. § 1983 |
| SHERIFF IRA EDWARDS, JR., | : | |
| DEPUTY KENDRIX, | : | |
| CAPTAIN BURKE, and | : | |
| CLARKE COUNTY, | : | |
| Defendants. | : | |

## *ORDER ON UNITED STATES MAGISTRATE JUDGE'S ORDER AND RECOMMENDATION*

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 6] that Defendants Sheriff Ira Edwards, Jr.; Captain Burke; and Clarke County be dismissed from this action due to Plaintiff's failure to state claims for which relief may be granted. Plaintiff filed an Objection to the Recommendation [Doc.11]. Upon review of the Recommendation, the Objection, and the relevant law, the Court **ADOPTS in part** and **REJECTS in part** the Recommendation. The Court finds that dismissal of Clarke County is proper, but the dismissal of Sheriff Edwards and Captain Burke is improper at this time in light of Plaintiff's newly asserted factual allegations in his Objection. Thus, the Court grants Plaintiff fourteen (14) days in which to file a supplemental complaint.

## *DISCUSSION*

In his Complaint, Plaintiff alleges that while he was incarcerated in the Clarke County Jail, Officer Kendrix handcuffed Plaintiff too tightly, picked Plaintiff up by the handcuffs, and "rammed" Plaintiff's head into a brick wall until Plaintiff passed out. Because Plaintiff did not

allege any facts to support supervisory or municipal liability claims, the Magistrate Judge recommends dismissing all claims against Sheriff Edwards, Captain Burke, and Clarke County, while allowing the claims against Officer Kendrix to proceed.

In his Objection, Plaintiff, for the first time, asserts that prior to the alleged assault, he twice wrote Sheriff Edwards and wrote Captain Burke three times informing each of them that Officer Kendrix had been "messing with [him] and threatening [him]." [Doc. 11]. He further states that both Edwards and Burke knew "full well what [was] going on." Id. In light of these new factual allegations and because Plaintiff is proceeding *pro se*, the Court finds dismissal of Edwards and Burke to be improper at this time and will allow Plaintiff to file a supplemental complaint addressing the specific role Sheriff Edwards and Captain Burke played in the events of March 1st.

Plaintiff also objects to the recommendation of dismissal of Clarke County. Plaintiff, however, asserts no new factual allegations against Clarke County. Plaintiff makes only the wholly conclusory allegation that "it is a custom for [the county] to treat inmates like this," which is clearly insufficient to state a § 1983 claim for municipal liability. Thus, the Court agrees with the reasoning of the Recommendation to dismiss Clarke County from this action.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Recommendation [Doc. 6] to dismiss Plaintiff claims against Clarke County, but **REJECTS** the Magistrate Judge's Recommendation to dismiss Plaintiff's claims against Sheriff Edwards and Captain Burke. Plaintiff must file his supplemental complaint with regard to his claims against Sheriff Edwards and Captain Burke within fourteen (14) days of the date of this Order. If Plaintiff fails to file a supplemental complaint, the Court will dismiss Sheriff Edwards and Captain Burke from this suit. There will be no service of process on Defendants Edwards or Burke until further order

2

from this Court.

**SO ORDERED**, this 19th day of October, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

SSH